1  Lynette Gridiron Winston (#151003)
     lwinston@afrct.com
2  ANGLIN, FLEWELLING, RASMUSSEN,
     CAMPBELL & TRYTTEN LLP
3  199 South Los Robles Avenue, Suite 600
   Pasadena, California 91101-2459
4  Tel: (626) 535-1900 | Fax: (626) 577-7764

5  Attorneys for Defendant
   WELLS FARGO BANK, N.A. ("Wells Fargo"

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  MARK CERVANTES, an individual, and       CASE NO.: 5:15-cv-00178-JLS-DTBx
    KIMBERLY CERVANTES, an individual,
12                                           **DEFENDANT WELLS FARGO'S**
13              Plaintiffs,                   **NOTICE OF MOTION AND MOTION**
                                             **TO DISMISS FIRST AMENDED**
14         v.                                **COMPLAINT; MEMORANDUM OF**
                                             **POINTS AND AUTHORITIES**
15
16  WELLS FARGO BANK, N.A., a national       Date:  May 8, 2015
    association, CAL-WESTERN                  Time:  2:30 p.m.
17  RECONVEYANCE, LLC, and DOES 1-           Ctrm:  10A
    20, inclusive,
18
                                             *[Assigned to the Hon. Josephine L.*
19              Defendants.                   *Staton]*
20

21

22  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

23         **PLEASE TAKE NOTICE** that on May 8, 2015, at 2:30 p.m., or as soon

24  thereafter as the matter may be heard, in Courtroom 10A of the above-entitled Court,

25  located at 411 West Fourth Street, Santa Ana, CA 92701, defendant Wells Fargo Bank,

26  N.A. ("Wells Fargo") will move the Court for an order dismissing all claims for relief in

27  plaintiffs' First Amended Complaint for failure to state a claim pursuant to Rules

28  12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Grounds for the motion are:

1.   First Claim for Relief: Violation of California Civil Code § 2923.6

Plaintiffs fail to state a claim for relief for violation of Civil Code § 2923.6 because: (i) plaintiffs fail to plead the required elements; (ii) plaintiffs fail to plead facts sufficient to constitute a claim upon which relief can be granted; (iii) plaintiffs fail to allege a violation of the statute; and (iv) plaintiffs fail to allege any injury.

2.   Second Claim for Relief: Intentional Misrepresentation

Plaintiffs fail to state a claim for relief for intentional misrepresentation because: (i) plaintiffs fail to plead the required elements and with specificity pursuant to Rule 9(b); and (ii) plaintiffs fail to plead facts sufficient to constitute a claim upon which relief can be granted.

3.   Third Claim for Relief: Negligent Misrepresentation

Plaintiffs fail to state a claim for relief for negligent misrepresentation because: (i) plaintiffs fail to plead the required elements and with specificity pursuant to Rule 9(b); and (ii) plaintiffs fail to plead facts sufficient to constitute a claim upon which relief can be granted.

4.   Fourth Claim for Relief: Unfair Business Practices

Plaintiffs fail to state a claim for relief for violation of Business & Professions Code § 17200 et seq. because: (i) plaintiffs fail to plead the required elements; (ii) plaintiffs fail to plead facts sufficient to constitute a claim upon which relief can be granted; and (iii) plaintiffs lack standing because they suffered no loss of money or property as a result of the alleged violation.

This motion is based on this Notice, the Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, the FAC, and on Wells Fargo's argument at the hearing on this motion, if any.

/ / /

/ / /

/ / /

2

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   **Compliance with Local Rule 7-3.**  This motion follows a Local Rule 7-3

2   conference of counsel which took place on February 27, 2015.

3                                         Respectfully submitted,

4   Dated: March 3, 2015                  ANGLIN, FLEWELLING, RASMUSSEN,
                                          CAMPBELL & TRYTTEN LLP
5

6                                         By:      */s/ Lynette Gridiron Winston*
                                              Lynette Gridiron Winston
7                                             lwinston@afrct.com
                                          Attorneys for Defendant
8                                         WELLS FARGO BANK, N.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

1.   INTRODUCTION ............................................................................ 1

2.   SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE
     DOCUMENTS ............................................................................... 1

3.   PLAINTIFFS CANNOT STATE A CLAIM UNDER CIVIL CODE
     SECTION 2923.6 ......................................................................... 2

4.   PLAINTIFFS FAIL TO STATE CLAIMS FOR INTENTIONAL
     MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION ........ 5

5.   PLAINTIFFS FAIL TO STATE A CLAIM FOR UNFAIR BUSINESS
     PRACTICES ................................................................................. 10

     A.    Plaintiffs Fail To Plead The Required Elements ........................ 10

     B.    Plaintiffs Lack Standing To State A Claim ............................... 12

6.   CONCLUSION ............................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Brown v. Bank of Am. N.A.*
 2011 U.S. Dist. LEXIS 38991 (E.D. Cal. Mar. 31, 2011)..........................7

*Cerecedes v. U.S. Bankcorp*
 2011 U.S. Dist. LEXIS 75559 (C.D. Cal. July 11, 2011) ......................11

*Clerk v. Telesis Cmty. Credit Union*
 2013 U.S. Dist. LEXIS 85782 (C.D. Cal. June 18, 2013).........................3

*DeLeon v. Wells Fargo Bank, N.A.*
 2011 U.S. Dist. LEXIS 8296 (N.D. Cal. 2011) .............................9, 13

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*
 100 F. Supp. 2d 1086 (C.D. Cal. 1999)...................................7

*Herrejon v. Ocwen Loan Servicing, LLC*
 980 F. Supp. 2d 1186 (E.D. Cal. 2013) ..................................11

*Hoffman v. Bank of America, N.A.*
 2010 U.S. Dist. LEXIS 70455 (N.D. Cal., June 30, 2010)........................4

*Kearns v. Ford Motor Co.*
 567 F.3d 1120 (9th Cir. 2009) ........................................10, 11

*Lawther v. OneWest Bank*
 2010 U.S. Dist. LEXIS 131090 (N.D. Cal. Nov. 30, 2010) .......................4

*Maomanivong v. Nat'l City Mortg. Co.*
 2014 U.S. Dist. LEXIS 130513 (N.D. Cal. Sept. 15, 2014)......................13

*Mlejnecky v. Olympus Imaging Am., Inc.*
 2011 U.S. Dist. LEXIS 42333 (E.D. Cal. April 18, 2011).......................6

*Moore v. Kayport Package Express, Inc.*
 885 F.2d 531 (9th Cir. 1989) .......................................6, 7

*Neilson v. Union Bank of Cal., N.A.*
 290 F. Supp. 2d 1101 (C.D. Cal. 2003)..................................6

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Nguyen v. Wells Fargo Bank, N.A.*
  749 F. Supp. 2d 1022 (N.D. Cal. 2010) ................................................................... 10

*Schreiber Distrib. Co. v. ServWell Furniture Co.*
  806 F.2d 1393 (9th Cir.1986) ...................................................................................... 6

*Slipak v. Bank of Am., N.A.*
  2011 U.S. Dist. LEXIS 131079 (E.D. Cal. Nov. 10, 2011) ..................................... 12

*Tamburri v. Suntrust Mortg., Inc.*
  2013 U.S. Dist. LEXIS 121220 (N.D. Cal. Aug. 26, 2013) ............................... 12, 14

*Thu Ha Nong v. Wells Fargo Bank, N.A.*
  2010 U.S. Dist. LEXIS 136464 (C.D. Cal. Dec. 6, 2010) .......................................... 8

*Villa v. Wells Fargo Bank, N.A.*
  2010 U.S. Dist. LEXIS 23741 (S.D. Cal. Mar. 15, 2010) ........................................... 4

## STATE CASES

*Cadlo v. Owens-Illinois, Inc.*
  125 Cal. App. 4th 513 (2004) ....................................................................................... 6

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*
  20 Cal. 4th 163 (1999) .......................................................................................... 11, 15

*Cortez v. Purolater Air Filtration Products Company*
  23 Cal. 4th 163 (2000) ............................................................................................... 15

*Graham v. Bank of Am., N.A.*
  226 Cal. App. 4th 594 (2014) ............................................................................. 5, 8, 14

*Hall v. Time, Inc.*
  158 Cal. App. 4th 847 (2008) ..................................................................................... 12

*Hamilton v. Greenwich Investors XXVI, LLC*
  195 Cal. App. 4th 1602 (2011) ................................................................................... 13

*Industrial Indem. Co. v. Santa Cruz County Superior Court*
  209 Cal. App. 3d 1093 (1989) .................................................................................... 15

*Intengan v. BAC Home Loans Servicing LP*
  214 Cal. App. 4th 1047 (2013) ..................................................................................... 3

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Jenkins v. JP Morgan Chase Bank, N.A.*
   216 Cal. App. 4th 497 (2013) ................................................................ 12, 13

*Kasky v. Nike, Inc.*
   27 Cal. 4th 939 (2002) ......................................................................... 15

*Khoury v. Maly's, Inc.*
   14 Cal. App. 4th 612 (1993) ................................................................ 10

*Knapp v. Doherty*
   123 Cal. App. 4th 76 (2004) ................................................................ 4

*Korea Supply Co. v. Lockheed Martin Corp.*
   29 Cal. 4th 1134 (2003) ...................................................................... 10, 15

*Kwikset Corp. v. Superior Ct.*
   51 Cal. 4th 310 (2011) ......................................................................... 12

*Lazar v. Superior Court (Rykoff-Sexton, Inc.)*
   12 Cal. 4th 979 (1996) ......................................................................... 6

*Mabry v. Superior Court*
   185 Cal. App. 4th 208 (2010) .............................................................. 3

*Rossberg v. Bank of Am., N.A.*
   219 Cal. App. 4th 1481 (2013) ............................................................ 8, 9

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*
   17 Cal. 4th 553 (1998) ......................................................................... 11

*Wilhelm v. Pray, Price, Williams & Russell*
   186 Cal. App. 3d 1324 (1986) ............................................................. 5, 6

## <u>STATE STATUTES</u>

Cal. Bus. & Prof. Code § 17200 ................................................................ 10, 11, 12, 13

Cal. Bus. & Prof. Code § 17206(a) ............................................................ 15

Cal. Civ. Code § 2923.4 ............................................................................. 3

Cal. Civ. Code § 2923.5 ............................................................................. 3, 4, 11, 13

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Cal. Civ. Code § 2923.6................................................................................. 2, 3, 4, 5

Cal. Civ. Code § 2924-29241 ............................................................................... 11

## **RULES**

Fed. R. Civ. P. 9(b) ................................................................................. 6, 7, 10, 11

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.: 5:15-CV-00178-JLS-DTBX
TABLE OF CONTENTS & TABLE OF AUTHORITIES

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**MEMORANDUM OF POINTS & AUTHORITIES**

## 1.    INTRODUCTION

This is an action brought by the borrowers against Wells Fargo Bank, N.A. (as successor to World Savings Bank, FSB ("World Savings")) ("Wells Fargo") arising out of a 2004 secured residential loan.  Plaintiffs suffered financial hardship which caused them to fall behind on their loan payments.  In 2013, plaintiffs were reviewed for a loan modification but were denied because it was determined that they could afford the loan payments.  Plaintiffs are unhappy with the decision and, waited nearly a year later, to seek to recover monetary damages and to enjoin any foreclosure proceedings.  Plaintiffs' claims are based on conclusory allegations that Wells Fargo failed to perform a good faith review and wrongly denied them a loan modification because of income and property value miscalculations.

Defendant Wells Fargo filed a motion to dismiss all claims for relief in the original Complaint, which was set for hearing on March 27, 2015.  Rather than oppose the motion, plaintiffs filed the First Amended Complaint ("FAC") on February 25, 2015.  However, the FAC does not cure the defects.  As briefed below, plaintiffs fail to state any viable claims against Wells Fargo.  Accordingly, Wells Fargo respectfully requests that this Court grant its motion to dismiss the FAC, in its entirety, without leave to amend.

## 2.    SUMMARY OF FAC AND JUDICIALLY NOTICEABLE DOCUMENTS

On or about October 8, 2004, plaintiffs Mark Cervantes and Kimberly Cervantes obtained a $530,000.00 loan from World Savings Bank, FSB ("World Savings").  The loan was memorialized in a Note secured by a Deed of Trust recorded against real property located at 39720 Bella Vista Road, Temecula, California 92592 (the "Property").  (FAC ¶¶6, 8; Request for Judicial Notice

/ / /

/ / /

1   ("RJN") Exh. A - Deed of Trust).[1]  Plaintiffs allege that that as a result of

2   economic turmoil, they fell behind on the loan payments.  (FAC ¶7).  A Notice of

3   Default was recorded on May 3, 2013, showing arrears of $42,487.69 as of May 1,

4   2013 for payments due from April 1, 2012.  (RJN Exh. C).

5          According to plaintiffs, in early 2013, they started working with Wells Fargo

6   Bank, N.A. (successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a

7   Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB) ("Wells Fargo") to

8   obtain a loan modification.  (FAC ¶9).  Plaintiffs allege that they timely provided

9   all documents requested and communicated regularly with Wells Fargo's

10  representative, Sarah Nuncio.  (FAC ¶¶10-12).  Plaintiffs further allege that on or

11  about October 15, 2013, they were informed that they made sufficient income to

12  afford the loan payments.  (FAC ¶13).  Plaintiffs allege that Wells Fargo misstated

13  plaintiffs' income and the value of the Property, so they appealed the loan

14  modification denial.  (FAC ¶¶14-15).  Plaintiffs allege that Wells Fargo never

15  intended to review them and used the appeal as a pretense to foreclosure.  (FAC

16  ¶16).  However, plaintiffs do not allege any facts showing that a foreclosure sale

17  has occurred.

18         Based on these allegations, plaintiffs assert claims for: (1) violation of

19  California Civil Code Section 2923.6, (2) intentional misrepresentation, (3)

20  negligent misrepresentation, and (4) unfair business practices.

21  **3.       PLAINTIFFS CANNOT STATE A CLAIM UNDER CIVIL CODE**

22  **SECTION 2923.6**

23         In the first claim for relief, plaintiffs allege that under Civil Code Section

24  2923.6 "lenders and servicers have a 'duty to maximize net present value under

25  their pooling and servicing agreements'" and that servicers are therefore "required

26  to offer a loan modification where 1) the loan is in default, and 2) recovery under

27  

28  [1] Effective January 1, 2008, World Savings was renamed Wachovia Mortgage, FSB.  In November 2009, Wachovia Mortgage, FSB changed its name to Wells Fargo Bank Southwest, N.A., before merging into Wells Fargo Bank, N.A.  (RJN Exh. B).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   the loan modification exceeds the anticipated recovery through foreclosure on a net

2   present value basis."  (FAC ¶¶17-18).  Plaintiffs further allege that Wells Fargo

3   violated Section 2923.6 because it conducted a "cursory review", miscalculated the

4   net present value and misrepresented plaintiffs' income when it denied them a loan

5   modification.  (FAC ¶¶19-22, 26).  However, plaintiffs fail to state a claim.

6          Wells Fargo does not have a duty to modify plaintiffs' loan and plaintiffs do

7   not have a right to a loan modification.  The recently enacted Homeowner Bill of

8   Rights, which includes Civil Code Section 2923.6, does not require lenders to grant

9   loan modifications.  Civ. Code Section 2923.4 states:  "The purpose of the act that

10  added this section is to ensure that, as part of the nonjudicial foreclosure process,

11  borrowers are considered for, and have a meaningful opportunity to obtain,

12  available loss mitigation options, if any, offered by or through the borrower's

13  mortgage servicer, such as loan modifications or other alternatives to foreclosure.

14  **Nothing in the act that added this section, however, shall be interpreted to**

15  **require a particular result of that process**."

16         Indeed, State and Federal courts have held that there is no right to a loan

17  modification under any codified laws.  *See Mabry v. Superior Court*, 185 Cal. App.

18  4th 208, 222-223, 231 (2010) (holding that there is no right to a loan modification

19  under former  Civil Code §§ 2923.5 or 2923.6; "As mentioned above, there is no

20  right, for example, under [Civil Code Section 2923.5], to a loan modification.";

21  "But consider section 2923.6, which does not operate substantively. Section 2923.6

22  merely expresses the hope that lenders will offer loan modifications on certain

23  terms."); *Intengan v. BAC Home Loans Servicing LP*, 214 Cal. App. 4th 1047,

24  1056 (2013) ("Civil Code section 2923.6 does not grant a right to a loan

25  modification. To the contrary, it 'merely expresses the hope that lenders will offer

26  loan modifications on certain terms' and 'conspicuously does not require lenders to

27  take any action.' In other words, '[t]here is no "duty" under Civil Code section

28  2923.6 to agree to a loan modification.'") (citations omitted); *Clerk v. Telesis*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Cmty. Credit Union*, 2013 U.S. Dist. LEXIS 85782, at *14-*15 (C.D. Cal. June 18, 2013) ("Plaintiffs allege that TCCU violated California Civil Code sections 2923.5 and 2923.6 by failing to offer an acceptable loan modification. Neither code section, however, creates an affirmative obligation on a lender to offer a loan modification…. Like section 2923.5, section 2923.6 imposes no affirmative obligation on a lender to offer a loan modification."); *Hoffman v. Bank of America, N.A.*, 2010 U.S. Dist. LEXIS 70455, at *15 (N.D. Cal., June 30, 2010) ("lenders are not required to make loan modifications for borrowers that qualify under HAMP nor does the servicer's agreement confer an enforceable right on the borrower"); *Villa v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 23741, at *6-*7 (S.D. Cal. Mar. 15, 2010) ("[T]he HAMP agreement did not require loan servicers to modify eligible loans; thus, the court found borrowers lacked standing to enforce the agreement.").  Because there is no legal requirement that a lender modify a mortgage loan, plaintiffs have no actionable claim for violation of Civil Code Section 2923.6 based upon the allegations that Wells Fargo improperly denied them a loan modification because of miscalculations regarding their income and the Property value.

Moreover, plaintiffs fail to state a violation of any provision of Section 2923.6.  Plaintiffs are simply unhappy with the results of the loan modification review.  However, that is not a violation of the statute.  Since, plaintiffs have no right to a loan modification, Wells Fargo's denial of their application is not a violation of Section 2923.6.

Finally, plaintiffs' claim fails because the alleged violation did not result in injury to plaintiffs.  *See Lawther v. OneWest Bank*, 2010 U.S. Dist. LEXIS 131090, at *15 (N.D. Cal. Nov. 30, 2010) (emphasizing that plaintiff must provide allegations that the statutory violation itself, not just the foreclosure, is the cause of injury); *Knapp v. Doherty*, 123 Cal. App. 4th 76, 99 (2004).  Here, the alleged statutory violation did not cause the "potential foreclosure" of the Property.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Indeed, plaintiffs defaulted on the loan before they sought a loan modification.

2   (FAC ¶¶7, 9; RJN Exh. C).  As discussed above, Wells Fargo was not obligated to

3   modify plaintiffs' loan.  Thus, any alleged violation of the statute did not cause

4   injury to plaintiffs.

5        Accordingly, plaintiffs fail to state a violation of  Civil Code Section 2923.6

6   and the first claim for relief should be dismissed without leave to amend.

7   **4.     PLAINTIFFS FAIL TO STATE CLAIMS FOR INTENTIONAL**

8   **MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION**

9        In the second claim for intentional misrepresentation, plaintiffs allege that

10  Wells Fargo falsely "represented that they would consider all documents in

11  calculating Plaintiff's income and their ability to pay on the loan."  (FAC ¶¶26, 27).

12  In the third claim for negligent misrepresentation, plaintiffs allege that Wells Fargo

13  falsely "represented to Plaintiffs that they would assist Plaintiff in obtaining a loan

14  modification of the Property" and "would stop the foreclosure process while they

15  are considering Defendant [sic] for a loan modification."  (FAC ¶¶44-45).  No

16  matter how they are labeled, plaintiffs fail to state a viable misrepresentation claim.

17       "To establish a claim for fraudulent misrepresentation, the plaintiff must

18  prove: '(1) the defendant represented to the plaintiff that an important fact was true;

19  (2) that representation was false; (3) the defendant knew that the representation was

20  false when the defendant made it, or the defendant made the representation

21  recklessly and without regard for its truth; (4) the defendant intended that the

22  plaintiff rely on the representation; (5) the plaintiff reasonably relied on the

23  representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance on the

24  defendant's representation was a substantial factor in causing that harm to the

25  plaintiff.'"  *Graham v. Bank of Am., N.A.*, 226 Cal. App. 4th 594, 605-606 (2014);

26  *see also Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331

27  (1986) (sustaining demurrer without leave to amend).  The elements of negligent

28  misrepresentation are the same except there is no intent to defraud or induce

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   reliance.  *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004).

2   The facts supporting each of the elements of fraud and negligent

3   misrepresentation "must be alleged in full, factually and specifically, and the

4   policy of liberal construction of pleading will not usually be invoked to sustain a

5   pleading that is defective in any material respect." *Wilhelm*, 186 Cal. App. 3d at

6   1331; *Lazar v. Superior Court (Rykoff-Sexton, Inc.*), 12 Cal. 4th 979, 993 (1996)

7   (the particularity requirement necessitates pleading facts that "show how, when,

8   where, to whom, and by what means the representations were tendered.").

9   Moreover, to assert such claims against a corporation, plaintiffs must also

10   specifically plead: (1) the misrepresentation, (2) the speaker and his or her

11   authority to speak, (3) when and where the statements were made, (4) whether the

12   statements were oral or written, (5) if statements were written, the specific

13   documents containing the representations, and (6) the manner in which the

14   representations were allegedly false or misleading.  *Moore v. Kayport Package*

15   *Express, Inc.*, 885 F.2d 531, 549 (9th Cir. 1989).  "Plaintiffs must not only specify

16   how alleged statements were false, but must specify how statements were false

17   when they were made."  *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 U.S. Dist.

18   LEXIS 42333, at *16 (E.D. Cal. April 18, 2011).

19   Furthermore, "it is well-established in the Ninth Circuit that both claims for

20   fraud and negligent misrepresentation must meet Rule 9(b)'s particularity

21   requirement."  *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141

22   (C.D. Cal. 2003) (*citing Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d

23   1086, 1093 (C.D. Cal. 1999)); *see also Schreiber Distrib. Co. v. ServWell*

24   *Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986) (holding that fraud claims

25   require the pleader to "state the time, place and specific content of the false

26   representations as well as the identities of the parties to the misrepresentation").

27   Rule 9(b) serves to furnish the defendant with notice, but also imposes the

28   additional obligation on the plaintiff to "aver with particularity the circumstances

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

constituting the fraud." "This means the who, what, when, where, and how . . . ." *Glen Holly*, 100 F. Supp. 2d at 1094. Indeed, vague or conclusory allegations are insufficient to satisfy Rule 9(b)'s "particularity" requirement. *See Moore*, 885 F.2d at 540; *Brown v. Bank of Am. N.A.,* 2011 U.S. Dist. LEXIS 38991, at *15 (E.D. Cal. Mar. 31, 2011) ("[d]ismissal of a fraud claim is appropriate when its allegations fail to meet the required pleading standard.").

In *Brown,* the plaintiff's complaint asserted allegations that he was misled into believing he would receive a fair loan modification, and the Court held that "plaintiff's bare allegations of fraud and intentional misrepresentations are insufficient to state a cognizable claim under the standards set forth above". *Id.* at *6-*7, *16. Here, plaintiffs fail to state a viable claim for intentional or negligent misrepresentation and such claims are not pled with the particularity required by Rule 9(b). Plaintiffs fail to specifically set forth when the alleged false representations were made, by whom, and whether the representations were written or oral. Plaintiffs only allege that Wells Fargo represented that they would consider all documents in calculating their income and assist plaintiffs in obtaining a loan modification. (FAC ¶¶26-27, 44-45).

Plaintiffs also fail to plead any facts showing how the representations were false when they were made. Indeed, plaintiffs allege that Wells Fargo began working with them in early 2013 to review them for a loan modification and regularly communicated with them regarding documents needed and provided. (FAC ¶¶9-12). Plaintiffs further allege that Wells Fargo denied them a loan modification because it was determined during the review that they made sufficient income to make the loan payments. (FAC ¶13). Simply because plaintiffs are dissatisfied with the decision on the loan modification review does not constitute false representations. Further, plaintiff does not allege any facts showing that Wells Fargo proceeded with a foreclosure sale during the loan modification review. Nor does she allege any facts showing that a foreclosure sale is pending

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   despite the fact that the loan modification request was denied in October 2013,

2   more than a year ago.  Thus, plaintiffs fail to allege any false representations.

3       Moreover, plaintiffs fail to plead specific facts of reasonable reliance

4   resulting in damages.  *See Graham, supra,* 2014 Cal. App. LEXIS 452, at *20

5   ("For active misrepresentation, a plaintiff must plead and prove reliance on the

6   representation was a substantial factor in causing harm to the plaintiff.") (citations

7   omitted); *Rossberg v. Bank of Am., N.A.*, 219 Cal. App. 4th 1481, 1498-1500

8   (2013).  In *Rossberg*, the plaintiffs alleged they relied on promises of a loan

9   modification by "execut[ing] continual loan modification papers and disclos[ing]

10  their confidential, private and personal information" instead of obtaining a

11  replacement loan.  The Court rejected the plaintiffs' allegations of reliance and

12  damages holding:

> [The Rossbergs] did not allege any specific damages they suffered
> as a result of their reliance on the promised loan modifications nor
> did they allege how their execution of loan modification papers and
> disclosure of confidential information caused those unspecified
> damages. … Significantly, the Rossbergs do not allege their
> reliance on the promised loan modifications caused them to default
> on their loans or prevented them from curing their existing
> defaults.  In short, the Rossbergs failed to allege any connection
> between their reliance on the promised loan modifications and any
> specific damages that reliance caused.

20  *Id.* at 1499-1500.  The Court went on to state that "the conclusory allegation they

21  would have obtained a replacement loan does not state a cause of action" and

22  "[t]he conclusory allegation that [plaintiff] could have sold their home and paid off

23  their loans does not state a cause of action."  *Id.  See also Thu Ha Nong v. Wells*

24  *Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 136464, at *8-*9 (C.D. Cal. Dec. 6,

25  2010) (Court rejected allegations that plaintiff relied on the lender's statements by

26  not pursuing other strategies to avoid foreclosure and dismissed the promissory

27  estoppel claim holding that "where a plaintiff does not 'allege facts that could

28  establish that [she] would have been successful in delaying the foreclosure sale,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    renegotiating her loan, and retaining possession of her home,' dismissal is proper

2    because the Complaint lacks 'a connection between her reliance on the alleged

3    promise and losing her home to sustain her claim for estoppel.'"); *DeLeon v. Wells*

4    *Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 8296, at *19-*22 (N.D. Cal. 2011).

5         Similarly, here, plaintiffs allege that they relied on the representations by

6    sharing "sensitive private income regarding Plaintiffs income and expenses and

7    made no attempt to sell their property despite the potential equity in the property."

8    (FAC ¶36; *see also* ¶¶40, 51).  Yet, they fail to allege any facts showing how their

9    alleged damages of loss of equity were proximately caused by the alleged

10   misrepresentations, particularly when plaintiffs do not allege that the Property has

11   been sold by Wells Fargo at a foreclosure sale.  Nor do plaintiffs allege any facts

12   showing that Wells Fargo did anything to prevent them from pursuing other

13   alternatives to foreclosure.  Plaintiffs were notified that the loan modification

14   application was denied in October 2013.  (FAC ¶13).  Thus, plaintiffs could not

15   reasonably rely on the alleged representations after the denial in October 2013.

16   Wells Fargo does not have a duty to modify their loan and nothing was or is

17   stopping plaintiffs from pursuing any other options available to them.  Plaintiffs do

18   not allege any facts showing that Wells Fargo sold the Property.  Indeed, any

19   alleged injury is not based on their reliance on any alleged representation by Wells

20   Fargo; instead, any injury is based on plaintiffs' own delay.  Plaintiffs cannot hold

21   Wells Fargo responsible for their decision not to pursue other foreclosure

22   alternatives.

23        Plaintiffs' allegations fail to "establish a complete causal relationship

24   between the alleged misrepresentations and the harm claimed to have resulted

25   therefrom." *Rossberg*, 219 Cal. App. 4th at 1499.  As the Court found in *Rossberg,*

26   reliance on the alleged representations relating to a possible loan modification and

27   their submission of loan modification applications and supporting documents did

28   not cause plaintiffs' alleged damages.  Any alleged damages were caused by

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  plaintiffs' default on the loan, which resulted from their financial hardship.  (FAC

2  ¶7; RJN Exh. C).

3      Accordingly, for all of these reasons, plaintiffs fail to state claims for

4  intentional and negligent misrepresentation and the second and third claims for

5  relief should be dismissed without leave to amend.

6  **5.**    **PLAINTIFFS FAIL TO STATE A CLAIM FOR UNFAIR BUSINESS**

7      **PRACTICES**

8      Plaintiffs' fourth claim for relief fails to state a claim under Business &

9  Professions Code Section 17200 *et seq*. ("UCL").

10  **A.**    **Plaintiffs Fail To Plead The Required Elements.**

11      The UCL precludes any unlawful, unfair, or fraudulent business act or

12  practice.  A UCL claim must state with reasonable particularity the facts

13  supporting the elements of the alleged violation.  *Khoury v. Maly's, Inc.*, 14 Cal.

14  App. 4th 612, 619 (1993).  It requires an allegation of particular facts showing

15  ongoing unlawful, unfair, and fraudulent business acts on the part of the defendant.

16  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003);

17  *Khoury*, 14 Cal. App. 4th at 619; *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp.

18  2d 1022, 1037 (N.D. Cal. 2010) ("This cause of action is derivative of some other

19  illegal conduct or fraud committed by a defendant, and a plaintiff must state with

20  reasonable particularity the facts supporting the statutory elements of the

21  violation").

22      Further, allegations of fraud under the UCL must satisfy the heightened

23  pleading requirements of Federal Rule of Civil Procedure 9(b).  *Kearns v. Ford*

24  *Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  Rule 9(b) requires that "a party

25  must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P.

26  9(b).  "'Averments of fraud must be accompanied by the who, what, when, where,

27  and how of the misconduct charged.'"  *Kearns*, 567 F.3d at 1124 (*quoting Vess v.*

28  *Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).  Indeed, where a

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

claim under the unfair prong is based upon alleged fraudulent conduct, that claim must also satisfy the heightened pleading requirements of Rule 9(b).  *See Kearns*, 567 F.3d at 1125.

Here, plaintiffs' claim fails to satisfy the heightened pleading requirements of Rule 9(b).  Plaintiffs do not identify who at Wells Fargo made the alleged representations, what exactly was said, when it was said, where it was said, or whether the representations were made verbally or in writing.  Accordingly, plaintiffs fail to state a UCL claim.  Furthermore, an UCL claim "cannot be used to state a cause of action the gist of which is absolutely barred under some other principle of law."  *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 566 (1998); *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999) ("A court may not allow a plaintiff to 'plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition.'").

Here, plaintiffs' allegations fail to establish any "unlawful", "unfair" or "fraudulent" activity by Wells Fargo.  Plaintiffs' claim is predicated on the preceding claims for relief, namely that Wells Fargo misrepresented that it would review plaintiffs for a loan modification, but intended to take the Property.  (FAC ¶¶52, 54-55).  However, plaintiffs allege that they were reviewed for and denied a loan modification and no foreclosure sale has occurred.  (FAC ¶¶9-13, 30).  Thus, plaintiffs fail to allege any wrongful conduct.  Moreover, since as discussed above, plaintiffs' claims are defective, they cannot support a UCL claim and cannot be saved by recasting them as claims for unfair business practices.  *Cerecedes v. U.S. Bankcorp*, 2011 U.S. Dist. LEXIS 75559, at *15-*17 (C.D. Cal. July 11, 2011) (Section 17200 claim dismissed where plaintiffs failed to allege a viable independent claim for violations of California's non-judicial foreclosure scheme, Civ. Code §§ 2923.5, 2924-29241); *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1207 (E.D. Cal. 2013) (Court dismissed UCL claim under all

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   prongs stating: "As demonstrated throughout this order, the complaint's claims fail

2   and thus cannot serve as a predicate violation for a UCL claim."); *Slipak v. Bank of*

3   *Am., N.A.*, 2011 U.S. Dist. LEXIS 131079, at *11-*12 (E.D. Cal. Nov. 10, 2011)

4   (Where UCL claim "is premised upon the same acts alleged in the other claims in

5   his complaint, all of which fail to state a claim… Plaintiff's section 17200 claim is

6   dismissed" because "Plaintiff has not adequately alleged any predicate unlawful,

7   unfair, or fraudulent acts.").

8        Moreover, plaintiffs cannot state a UCL claim for the alleged failure to offer

9   them a loan modification.  As discussed above, there is no right to a loan

10  modification under any codified laws.

11  **B.    Plaintiffs Lack Standing To State A Claim.**

12       "To satisfy the narrower standing requirements imposed by Proposition 64, a

13  party must now (1) establish a loss or deprivation of money or property sufficient

14  to qualify as injury in fact, i.e., *economic injury*, and (2) show that the economic

15  injury was the result of, i.e., *caused by*, the unfair business practice or false

16  advertising that is the gravamen of the claim."  *Kwikset Corp. v. Superior Ct.*, 51

17  Cal.4th 310, 322 (2011).  *See also Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 855

18  (2008) ("The phrase 'as a result' in its plain and ordinary sense means 'caused by'

19  and requires a showing of causal connection or reliance on the alleged [unfair

20  competition].").  In order to survive dismissal, plaintiffs must plead "general

21  factual allegations of injury resulting from the defendant's conduct."  *Id.* at 327.

22  Further, "[b]y definition, a plaintiff does not 'satisfy the causation prong of the

23  statute if he or she would have suffered "the same harm whether or not a defendant

24  complied with the law."' *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App.

25  4th 497, 521 (2013) (*quoting Daro v. Super. Ct.*, 151 Cal. App. 4th 1079 (Cal. Ct.

26  App. 2007))."  *Tamburri v. Suntrust Mortg., Inc.*, 2013 U.S. Dist. LEXIS 121220,

27  at *26-*27 (N.D. Cal. Aug. 26, 2013).

28       Here, plaintiffs have not alleged an injury in fact and a loss of money or

property caused by any conduct of Wells Fargo in violation of the UCL.  (FAC ¶¶56-57).  Plaintiffs have not alleged any facts showing how they lost money or property as a result of the denial of their loan modification application, particularly where they have no right to a modification and they defaulted on the loan prior to seeking a modification.  (FAC ¶¶7, 9).  Furthermore, plaintiffs allege that they were denied a loan modification in 2013.  Plaintiffs do not allege that a foreclosure sale has occurred.  Nor do they allege any facts showing that Wells Fargo took any action to prevent plaintiffs from selling the Property, refinancing or curing the default from 2013 to the present.  Wells Fargo does not have a duty to modify their loan and nothing was or is stopping plaintiffs from pursuing any other options available to them.  Indeed, any possible future injury and loss is not based on plaintiffs' reliance on any alleged representation by Wells Fargo; instead, any injury and loss is based on plaintiffs' failure to make their payments, which was caused by their own economic turmoil, and their own delay.  (FAC ¶7; RJN Exh. C).  *See Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497 (2013).

In *Jenkins*, the Court held that the borrower did not have standing to bring a claim for violation of UCL where the borrower alleged that the defendant's unfair business practices caused her home to be subjected to foreclosure, and resulted in her incurring unspecified monetary damages.  *Id*. at 520.  *See also Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602 (2011) (Court rejected plaintiffs' attempt to state a Section 17200 claim based on an alleged violation of former Civil Code Section 2923.5); *DeLeon*, 2011 U.S. Dist. LEXIS 8296, at *19-*22 (Court held that the borrowers did not state a claim for violation of UCL: "The Court cannot reasonably infer that Wells Fargo's alleged misrepresentations resulted in the loss of Plaintiffs' home.  Rather, the facts alleged suggest that Plaintiffs lost their home because they became unable to keep up with monthly payments and lacked the financial resources to cure the default.").

In *Maomanivong v. Nat'l City Mortg. Co.*, 2014 U.S. Dist. LEXIS 130513, at

*61-*62 (N.D. Cal. Sept. 15, 2014), the Court dismissed the UCL claim for lack of standing stating:

> Plaintiff has pointed the court to no other cases, and the court has found none in its own research, in which a court has found that a homeowner has standing to bring a UCL claim against a lender for the lender's allegedly unlawful, unfair, or fraudulent conduct occurring after the homeowner's default, where the default was not induced by the conduct of the lender and where the conduct has not yet led to a foreclosure sale.  Instead, other courts appear to have followed *Jenkins* in finding that such circumstances do not create standing.

*See also Tamburri*, 2013 U.S. Dist. LEXIS 121220, at *27 ("Plaintiff did not lose any money or property 'as a result of' any of Defendants' actions, let alone suffer a monetary loss capable of restitution by Defendants.  Plaintiff has not paid any fees or charges that she alleges were incurred as a result of foreclosure.  The foreclosure was initiated only after Plaintiff defaulted on her loan.  Thus, Plaintiff cannot assert that her alleged economic injury was 'caused by' Defendants' acts, because the asserted wrongful actions occurred after Plaintiff's default on her loan.") (*citing Jenkins*, 216 Cal. App. 4th at 521); *Graham v. Bank of Am., N.A.*, 226 Cal. App. 4th 594, 614 (2014) ("Graham does not allege facts demonstrating he has standing to sue under the UCL because he does not allege sufficient facts showing a causal link between the alleged UCL violations and an injury in fact resulting in loss of money or property . . . . [H]is prospect of losing the home to foreclosure is the result of default, not the alleged conduct of defendants.") (*citing Jenkins*).

Similarly, here, plaintiffs have no actual loss because they borrowed money from Wells Fargo and did not repay the loan.  In fact, plaintiffs' default was caused by their own economic turmoil.  (FAC ¶7).  The alleged wrongful conduct occurred after plaintiffs' default and no foreclosure sale has occurred.  Thus, plaintiffs cannot allege any facts showing a causal connection between the alleged UCL violations and an injury in fact resulting in the loss of money or property.

For all of these reason, plaintiffs lack standing to bring this claim.

**C.   Plaintiffs' UCL Claim Fails For Lack Of A Remedy.**

Furthermore, plaintiffs' claim fails because they are not entitled to recover damages or attorneys' fees for any alleged violation of the UCL, which is what they seek.  (FAC ¶¶56-57).  Indeed, the only remedies available to a private litigant under the UCL are equitable remedies – injunctive relief and restitution.  Bus. & Prof. Code § 17206(a); *Korea Supply Co.*, 29 Cal. 4th at 1144-1145; *Kasky v. Nike, Inc.*, 27 Cal. 4th 939 (2002) (in a UCL claim, a private plaintiff's remedies are generally limited to injunctive relief and restitution).  "Plaintiffs may not receive damages, … or attorney fees."  *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 179 (Cal. 1999).

In *Industrial Indem. Co. v. Santa Cruz County Superior Court*, 209 Cal. App. 3d 1093, 1095-1096 (1989), the Court of Appeal concluded that "a private litigant is allowed only injunctive relief and not damages under the unfair competition laws."  As the California Supreme Court noted in *Cortez v. Purolater Air Filtration Products Company*, 23 Cal. 4th 163, 173 (2000) (emphasis added):

> A UCL [Unfair Competition Law] action is an equitable action by means of which a plaintiff may recover money or property obtained from the plaintiff or persons represented by the plaintiff through unfair or unlawful business practices.  It is not an all-purpose substitute for a tort or contract action.  **'[D]amages are not available under section 17203** [Citations].'

Here, plaintiffs improperly seek damages and attorneys' fees for the alleged violation of the UCL, which are not recoverable.  Moreover, there is no basis for injunctive relief under the UCL, and plaintiffs do not allege any monetary loss subject to restitution by Wells Fargo.  Thus, plaintiffs lack standing.

Accordingly, for all of these reasons, plaintiffs fail to state a claim for violation of the UCL and the fourth claim should be dismissed without leave to amend.

/ / /

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

### 6.   <u>CONCLUSION</u>

2    For the foregoing reasons, Wells Fargo respectfully requests an order

3  dismissing the first through fourth claims for relief without leave to amend, and

4  dismissing the First Amended Complaint with prejudice.

5                                      Respectfully submitted,

6  Dated: March 3, 2015                ANGLIN, FLEWELLING, RASMUSSEN,
                                        CAMPBELL & TRYTTEN LLP
7

8                                      By:  ____*/s/ Lynette Gridiron Winston*____
                                            Lynette Gridiron Winston
9                                           lwinston@afrct.com
                                        Attorneys for Defendant
10                                      WELLS FARGO BANK, N.A.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Pasadena, California; my business address is 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On March 3, 2015, I served the foregoing document entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via The Court's CM/ECF System:**

*Counsel for Plaintiffs:*

Benjamin Yrungaray, Esq.
DE NOVO LAW FIRM
3637 Arlington Avenue, Suite D
Riverside, CA  92506

Tel:  (951) 801-5570          Fax:  (877) 932-6223

byrungaray@denovofirm.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on March 3, 2015.

| Jill Ashley | */s/ Jill Ashley* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |