| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. EDCV 15-178-JLS (DTBx) | Date: May 6, 2015 |
| Title: Mark Cervantes et al v. Wells Fargo Bank, N.A. et al | |

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO RIVERSIDE COUNTY SUPERIOR COURT, CASE NO. MCC1401347 (Doc. 13) AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT (Doc. 15)**

　　　Before the Court is a Motion to Remand filed by Plaintiffs Mark Cervantes and Kimberly Cervantes.  (Mot., Doc. 14.)  Defendant Wells Fargo Bank, N.A. opposed.  (Opp., Doc. 20.)  Plaintiffs did not reply.  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearing set for May 8, 2015, at 2:30 p.m. is VACATED.  For the following reasons, the Court GRANTS the Motion and REMANDS this action to Riverside County Superior Court, Case No. MCC1401347.  Wells Fargo's Motion to Dismiss is therefore DENIED AS MOOT.  (Doc. 15.)

**I.     BACKGROUND**

　　　Plaintiff Mark and Kimberly Cervantes own the Temecula property giving rise to this foreclosure-related action.  (First Amended Complaint, Doc. 13, ¶ 1.)  Plaintiffs allege that they fell behind on their mortgage payments and in early 2013 began working with Defendant Wells Fargo Bank, N.A. to obtain a loan modification.  (Id. ¶¶ 6-9.)  Wells Fargo ultimately denied the loan modification on the grounds that Plaintiffs "made sufficient income" to make payments on their existing loan.  (Id. ¶ 13.)  Plaintiffs allege, however, that in reaching this decision, Wells Fargo "materially misstated" both their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. EDCV 15-178-JLS (DTBx) | Date: May 6, 2015 |
| Title: Mark Cervantes et al v. Wells Fargo Bank, N.A. et al | |

income and the value of their property. (Id. ¶¶ 14-15.) Plaintiffs immediately appealed the denial of the loan modification but allege that "Defendants never intended to review Plaintiffs for a modification but used the appeal as a pretense to foreclosure." (Id. ¶ 16.)

On September 22, 2014, Plaintiffs filed this action against Wells Fargo and the foreclosure trustee, Cal-Western Reconveyance, LLC. (Compl., Notice of Removal, Doc. 1, Ex. A.)

On January 28, 2015, Wells Fargo removed the case to this Court on the basis of diversity jurisdiction. (Notice of Removal, Doc. 1.)

On February 25, 2015, Plaintiffs filed the operative First Amended Complaint, asserting claims against Defendants for (1) violation of California Civil Code 2923.62, (2) intentional misrepresentation, (3) negligent misrepresentation, and (4) violation of Business and Professions Code Section 17200. (FAC ¶¶ 17-57.)

Plaintiffs now move to remand this action to state court. (Mot.)

## II.     LEGAL STANDARD

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction...." *Future In-Site Realty Associates, Inc. v. Scott Alan Trust*, No. CV 13-06584 DDP AGRX, 2013 WL 5946120, at *1 (C.D. Cal. Nov. 5, 2013) (quoting 28 U.S.C. § 1441(a).) Federal courts have jurisdiction on the basis of diversity where complete diversity of citizenship among the adverse parties exists and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity." *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. EDCV 15-178-JLS (DTBx)             Date: May 6, 2015
Title: Mark Cervantes et al v. Wells Fargo Bank, N.A. et al

Removal is proper only where "all defendants . . . join in or consent to the removal of the action." 28 U.S.C.A. § 1446(b)(2)(A). "This general rule applies, however, only to defendants properly joined and served in the action." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988) (citations omitted); 28 U.S.C. § 1446(b)(2)(A).

On a motion to remand, the Court "consider[s] facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Valdez v. All State Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citations and quotation marks omitted).

## III. DISCUSSION

Plaintiffs argue remand is warranted because Cal-Western was served with the state-court summons and complaint but did not consent to removal. (Mot. at 2.) Plaintiffs further argue that complete diversity does not exist in this action because both they and Cal-Western are California citizens and Cal-Western is not a nominal or fraudulently joined defendant.[1]

### A. Cal-Western's Failure to Join in Removal

To remove a civil action to district court, "all defendants who have been *properly joined and served* must join in or consent to the removal of the action." 28 U.S.C. 1446(b)(2)(A) (emphasis added).

Plaintiffs argue this requirement is not met here because Cal-Western was properly served with the state-court summons and complaint but did not consent to removal. (Mem. at 2.) They attach to their Motion a proof of service showing Ryan Zachreson accepted service for Cal-Western as its Agent for Service on January 5, 2015. (Id. Ex. A.)

In opposition, however, Wells Fargo argues that Plaintiffs failed to serve Cal-

---

[1] Plaintiffs also argue remand is proper because Wells Fargo failed to demonstrate federal question jurisdiction. (Mem. at 2.) Wells Fargo, however, did not remove this action on this basis. (*See* Notice of Removal.) Thus, the Court does not address this argument.

**CIVIL MINUTES – GENERAL**            3

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. EDCV 15-178-JLS (DTBx) | Date: May 6, 2015 |
| Title: Mark Cervantes et al v. Wells Fargo Bank, N.A. et al | |

Western, but in fact served a similarly named – but unrelated – Defendant. (Opp. at 3.) They note that their registered Agent for Service is CT Corporations System, while the California Secretary of State lists Zachreson as the Agent for Service for Cal-Western Reconveyance Corporation. (Id. at 3; Decl. of Lynette Winston, Doc. 20-1, ¶ 5; id. Ex. B.) Wells Fargo's counsel states that Cal-Western Reconveyance Corporation is "unrelated" to Cal-Western. (Id.) Plaintiffs did not file a reply and therefore do not appear to contest this assertion.

In any case, the Court need not definitely resolve this disagreement because Plaintiffs failed to timely contest Cal-Western's alleged lack of consent to removal. A motion to remand for any defect other than lack of subject-matter jurisdiction must be made "within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). The failure of all served defendants to consent to removal is such a procedural defect. *See Nat. Trust LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 938 (9th Cir. 2010) (holding that a violation of the unanimity rule is a defect within the meaning of Section 1447(c)); *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 75 (1st Cir. 2009). Plaintiffs moved to remand on March 2, 2015, 33 days after Wells Fargo filed of its Notice of Removal on January 28, 2015. (Mot.) Thus, Plaintiffs failed to timely raise this issue.

Accordingly, remand is not warranted on this basis.

### B. Complete Diversity

Plaintiffs alternatively argue that complete diversity does not exist because both they and Cal-Western are California citizens and Cal-Western is not a fraudulently joined or nominal defendant.

### 1. Fraudulent Joinder

A defendant is fraudulently joined such that its citizenship may be disregarded for diversity purposes "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). There is a strong presumption against finding fraudulent joinder: "In the Ninth Circuit, a non-diverse

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. EDCV 15-178-JLS (DTBx) | Date: May 6, 2015 |
| Title: Mark Cervantes et al v. Wells Fargo Bank, N.A. et al | |

defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in plaintiff's favor, the plaintiff could not *possibly* recover against the party whose joinder is questioned." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012) (citation omitted); *Plute v. Roadway Package Sys.*, 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001) ("There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion.").

Wells Fargo argues Cal-Western was fraudulently joined because the FAC does not "provide any facts or allegations that Cal-Western acted as anything other than the foreclosing trustee." (Opp. at 6.) Further, Wells Fargo argues Cal-Western's "only alleged involvement was with the foreclosure proceedings, which was strictly within its ministerial role as the substituted trustee under the Deed of Trust to effectuate a non-judicial foreclosure action." (Id. at 7.) This gives short shrift to Plaintiffs' FAC, which does not allege that Cal-Western performed only ministerial acts. The FAC also alleges that "Wells and Cal-Western are familiar with the equity in the property and have worked together to recover any available equity to themselves," that Cal-Western "continue[s] to seek fees and costs to add on to the existing loan and deprive Plaintiffs of any equity" in the home, and that Cal-Western "represented that they [sic] were acting as a neutral foreclosure trustee and did not take any actions that were not warranted." (FAC ¶¶ 28, 30, 33.) While these allegations may not state a claim within the meaning of Federal Rule of Civil Procedure 8, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011). "Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" *Id.* (quoting *Burris v. AT & T Wireless, Inc.*, No. C 06–02904 JSW, 2006 WL 2038040 (N.D. Cal. Jul. 19, 2006)); *see also Nickelberry v. DaimlerChrysler Corp.*, No. C-06-1002 MMC, 2006 WL 997391, *1 (N.D. Cal. Apr. 17, 2006) (finding the defendant "has failed to show that, under California law, [plaintiff] would not be afforded leave to amend her complaint to address the purported pleading deficiency on which [defendant] relies"). Here, "[t]he potential for Plaintiff to state a viable claim against Cal-Western, although narrow, is enough to raise doubt regarding the

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. EDCV 15-178-JLS (DTBx) | Date: May 6, 2015 |
| Title: Mark Cervantes et al v. Wells Fargo Bank, N.A. et al | |

propriety of the removal." *Alabastro v. Wells Fargo Bank, N.A.*, No. 5:14-CV-03469 EJD, 2015 WL 138235, at *3 (N.D. Cal. Jan. 9, 2015).

Wells Fargo alternately argues that the common interest privilege afforded to non-judicial foreclosure trustees under California Civil Code § 2924(b)-(d) bars Plaintiffs' attempt to recover damages from Cal-Western. (Opp. at 8.) The presence of a potentially meritorious defense, however, does not bear on the question of fraudulent joinder. *See Hershcu v. Wells Fargo Bank, N.A.*, No. 12-CV-00096 BEN BLM, 2012 WL 439698, at *2 (S.D. Cal. Feb. 10, 2012) ("[C]ourts do not ordinarily consider a nondiverse defendant's defenses on the merits in determining whether that defendant's joinder was 'fraudulent.'") (citation omitted).

Accordingly, Wells Fargo has not met its burden of proving that Cal-Western was fraudulently joined.[2]

### 2. **Nominal Party**

Wells Fargo alternatively argues Cal-Western is a nominal party and therefore that its citizenship should not be considered for diversity purposes. (Opp. at 7.)

"[F]ederal court[s] must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Kuntz v. Lamar Corp.*, 385

___

[2] The Court acknowledges Wells Fargo's citation of certain authority finding Cal-Western to be fraudulently joined in similar circumstances. (Opp. at 9.) These cases, however, are against the weight of authority. *See, e.g.*, *Morrow v. Wells Fargo Bank*, No. C 12-03045 LB, 2012 WL 5471133, at *5-6 (N.D. Cal. Nov. 9, 2012) (finding Cal-Western was not fraudulently joined even where plaintiff's "conclusory" allegations "primarily focus[ed]" on its actions as trustee because Wells Fargo had not met its burden of showing to a "near certainty" that plaintiff "ha[d] no actual intention to prosecute an action" against Cal-Western); *see also Moore v. Wells Fargo Bank, N.A.*, No. 2:12-CV-2125-LKK-EFB, 2012 WL 4433323, at *3 (E.D. Cal. Sept. 24, 2012), *report and recommendation adopted*, No. 2:12-CV-2125-LKK-EFB, 2012 WL 5328611 (E.D. Cal. Oct. 26, 2012); *Mireles*, 845 F. Supp. 2d at 1069; *Suelen v. Wells Fargo Bank, N.A.*, No. C-13-002 MEJ, 2013 WL 1320697, at *3 (N.D. Cal. Apr. 1, 2013); *Latino v. Wells Fargo Bank, N.A.*, No. 2:11-CV-02037-MCE, 2011 WL 4928880, at *6 (E.D. Cal. Oct. 17, 2011); *Silva*, 2011 WL 2437514 at *6; *Alabastro*, 2015 WL 138235 at *3.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. EDCV 15-178-JLS (DTBx) | Date:  May 6, 2015 |
| Title: Mark Cervantes et al v. Wells Fargo Bank, N.A. et al | |

F.3d 1177, 1183 (9th Cir. 2004) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)).  Indeed, "[c]ircuit law teaches that courts should 'ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.'"  *Silva v. Wells Fargo Bank N.A.*, No. CV 11-3200 GAF JCGX, 2011 WL 2437514, at *2 (C.D. Cal. June 16, 2011) (quoting *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 304 F.3d 867, 873 (9th Cir. 2000)).  Removing Defendants bear the burden of proving a defendant is a nominal party.  *Id.* at 3.

Wells Fargo contends Cal-Western is a nominal defendant because it "has no financial interest in the Property and its only alleged involvement was with the foreclosure proceedings, which was strictly within its ministerial role as the substituted trustee under the Deed of Trust to effectuate a non-judicial foreclosure action."  (Opp. at 7.)  For the reasons already described, however, Plaintiffs' FAC contains substantive allegations against Cal-Western that, if proved, would permit them to recover money damages from Cal-Western.

Accordingly, while Wells Fargo may believe Plaintiffs cannot state a claim against Cal-Western, it has failed to show that Cal-Western has been joined in a merely nominal capacity.  *See Couture v. Wells Fargo Bank, N.A.*, No. 11-CV-1096-IEG CAB, 2011 WL 3489955, at *3 (S.D. Cal. Aug. 9, 2011); *Silva*, 2011 WL 2437514, *5; *Latino*, 2011 WL 4928880 at *4.

### 3. Conclusion

For the reasons stated above, Wells Fargo has not met its burden of demonstrating that Cal-Western is a fraudulently joined or nominal defendant.  Cal-Western's presence as a Defendant therefore defeats complete diversity in this action, and this Court lacks subject-matter jurisdiction to hear this case.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion and REMANDS this action to Riverside County Superior Court, Case No. MCC1401347.  Wells Fargo's

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. EDCV 15-178-JLS (DTBx)                                                        Date: May 6, 2015
Title: Mark Cervantes et al v. Wells Fargo Bank, N.A. et al

Motion to Dismiss is DENIED AS MOOT.